UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LISA S., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-01691-TWP-DML |
| | ) |
| ANDREW M. SAUL,[1] Commissioner of the Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Lisa S. ("Lisa S.") Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Filing No. 34). For the reasons set for below, the Court **OVERRULES** Lisa S.' Objection to Magistrate Judge's Report and Recommendation, (Filing No. 59), and **ADOPTS** the Report and Recommendation (Filing No. 58), finding that the Commissioner of the Social Security Administration, ("Commissioner"), is not required to pay attorney Adriana M. de la Torre, ("de la Torre"), the remaining balance of the granted attorney's fees in the amount of $7,284.75 from Lisa S.' disability payments through an Overpayment Procedure, and this amount is owed directly to de la Torre from Lisa S. herself.

## I. BACKGROUND

The Court declines to provide an extensive elaboration of the procedural and factual background of this matter as they relate to the matters of the disability claim, and the Magistrate Judge has sufficiently detailed the background of this matter in the briefs and the Report and

---

[1] Andrew M. Saul was sworn in as Commissioner of the Social Security Administration on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

Recommendation. The Court mentions only facts pertaining to the Motion for Attorney's Fees by Lisa S. and her counsel de la Torre.

On March 30, 2012, Lisa S. filed for Title II disability and Disability Insurance Benefits ("DIB") and protectively filed her application for Title XVI Social Security Insurance ("SSI") alleging that she became disabled on May 1, 2008. (Filing No. 15-2 at 40.) Her application was initially denied on June 9, 2012 and then again denied upon reconsideration on September 28, 2012 (Filing No. 15-2 at 40). Lisa S. filed a written request for a hearing with the Administrative Law Judge, and a hearing occurred on March 11, 2014. (Filing No. 15-2 at 40.) The Administrative Law Judge denied Silver's application on April 19, 2014. (Filing No. 15-2 at 53.) The Appeals Council denied Silver's request for review. (Filing No. 15-2 at 2.) At all times throughout the administrative process before the Social Security Administration (the "Agency") Lisa S. was represented by attorney Thomas C. Newlin ("Newlin").

Lisa S. requested judicial review of the Commissioner's decision on October 26, 2015 and was represented by attorney de la Torre. (Filing No. 1.) On June 15, 2016, Lisa S. and the Commissioner filed a joint motion to remand, and the Court entered judgment the following day in favor of Lisa S. and remanded this matter for further proceedings. (Filing No. 30.) The Commissioner and Lisa S. also jointly stipulated to an award to Lisa S. under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $8,490.00. (Filing No. 31.) The parties stipulated that after the Court entered this award, counsel for the Commissioner was to verify that Lisa S. owed no pre-existing debt subject to offset, and then direct that the award be made payable to Silver's attorney, de la Torre. (Filing No. 31 at 1.) The Court granted this request on July 1, 2016. (Filing No. 32.)

2

Lisa S., however, had a pre-existing debt to the Department of Education, therefore the government offset the entire $8,490.00 award against this debt and de la Torre did not receive any payment from it. (Filing No. 34-6.) On remand, Lisa S.' disability claim was approved. On August 2, 2017, the Agency sent a Notice of Award to Lisa S. informing her she was entitled to monthly Social Security disability benefits beginning March 2011. (Filing No. 34-2.) The Agency informed Lisa S. that, pursuant to policy, they were withholding $10,924.75 of her past-due benefits for "possible direct payment to the representative(s)". (Filing No. 34-2 at 2.)

On December 25, 2018, the Agency approved a fee of $9,999.00 to pay Lisa S.' attorney Newlin for work on her Social Security claim before the Agency. (Filing No. 34-4.) This came out of the $10,924.75 the Agency had withheld from the past-due benefits owed to her. The Agency informed Lisa S. they were keeping the remaining $925.75 "until it [was] determined if Adriana Maria de la Torre will receive a fee for representing [Lisa S.] before the U.S. District Court". (Filing No. 34-4.) A copy of this letter was sent to Newlin, but not de la Torre.

On January 10, 2019, de la Torre filed a Motion for Authorization of Attorney Fees for federal court representation pursuant to 42 U.S.C. § 406(b) in the amount of $10,924.75. (Filing No. 34.) This Court determined that de la Torre was entitled to a fee in this amount. (Filing No. 34-1.) de la Torre argued that under the fee agreement between her and Lisa S., she was to receive 25% of the past due benefits determined to be owed to Lisa S. (Filing No. 35, page 2.)

In response, the Commissioner argued the fee agreement did not specify a fee of 25% solely for federal court work with an additional fee to be paid for work before the Agency. The Commissioner contends that the fee agreement generally provides for a fee up to 25% for representation in connection with Lisa S.' application for DIB and/or SSI. The Commissioner contends it has already paid Newlin $9,999.00 of the withheld $10,924.75, thus, the Agency cannot

3

pay de la Torre more than the remaining $925.75. (Filing No. 40.) In the Reply, de la Torre argues the Commissioner is improperly attempting to commingle the payment requests under 42 U.S.C. § 406(a) and (b). (Filing No. 41.)

The Agency filed a status update concerning past-due benefits in this matter on May 19, 2019 informing the Court they had discovered another source of payment for any fee awarded, which was Lisa S.' past-due Title XVI benefits. The Agency conceded the Commissioner should have withheld $2,714.25 (25% of the Title XVI past-due benefits for representative fee purposes). (Filing No. 46 at 4.) This brought the total available past-due benefits withheld for attorney's fees to $3,640.00.

The Court designated Magistrate Judge Debra McVicker Lynch, pursuant to 28 U.S.C. § 636(b)(1)(B), to issue a Report and Recommendation on the Motion for Authorization of Attorney Fees pursuant to 42 U.S.C. §406(b) (Filing No. 42). On February 2, 2020, Magistrate Judge Lynch filed her Report and Recommendation, recommending: (1) the Court award de la Torre a reasonable fee under 42 U.S.C. § 406(b) in the amount of $10,924.75; (2) the Court direct the Agency to make appropriate arrangements for payment directly to de la Torre in the amount of $3,640.00 from Lisa S.' past-due benefits; (3) deny de la Torre's request that the Agency arrange for the payment of the remaining amount in the total of $7,284.75 (the "Shortfall"); (4) that Lisa S. is responsible for the remaining shortfall to de la Torre; and (5) that the Court, upon de la Torre's request, enter a separate judgment in her favor and against Lisa S. in the amount of the shortfall. (Filing No. 58 at 13-14.)

Lisa S., via de la Torre, objects to the Report and Recommendation, requesting the Court adopt the Report and Recommendation in part and decline in part. (Filing No. 59.) Specifically, de la Torre contends the Court should adopt the Magistrate Judge's recommendation that she is

4

entitled to an attorney fee of $10,924.75 and the Agency should directly pay her the $3,640.00 currently in its possession, and reject the Magistrate Judge's recommendation regarding the shortfall. She contends the Court should enter an order that the Agency direct the payment of this amount to her, from Lisa S.' past-due benefits via the Agency's Overpayments and Underpayments recovery mechanisms as provided in 42 U.S.C. § 404 and any applicable regulations. (Filing No. 59 at 15.) The Commissioner asserts that this would be in contradiction of the language in 42 U.S.C. § 406(b), and therefore the Court should adopt the Report and Recommendation in full. (Filing No. 62.)

## II.  LEGAL STANDARD

A district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur*, 577 F.3d at 760. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

After a magistrate judge makes a report and recommendation, either party may object within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. *See* Fed. R. Civ. Pro. 72(b). Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

5

## III.    DISCUSSION

As stated in the Report and Recommendation, "the amount of a reasonable fee award is *not* the sticking point in this case. Rather, the contested issue is whether the Agency must pay, or make arrangements to pay, to Ms. de la Torre more than the $3,640.00 remaining in the Agency's 25% pot." (Filing No. 58 at 6.) (emphasis in original.) There is no objection to the recommendation regarding the amount of fee; accordingly, the Court adopts the Report and Recommendation's explanation regarding the requested fee, finding that the requested attorney fee of $10,924.75 by de la Torre is reasonable (*see* Filing No. 58 at 6). The Court also adopts the Report and Recommendation's finding to direct the Agency to make appropriate arrangements for payment directly to de la Torre in the amount of $3,640 from Lisa S.' past-due benefits.

The remaining balance owed to de la Torre is uncontested - $7,284.75. The question that remains is where the payment for the shortfall is going to come from, and whether the Agency must pay, or make arrangements to pay, to de la Torre more than the $3,640.00 remaining in the Agency's 25% pot. de la Torre argues the Agency should be responsible for the shortfall, and it should come from Lisa S.' past due benefits via the Agency's overpayments and underpayments recovery system. (Filing No. 47.)  The Commissioner contends he was under no obligation to withhold more than 25% of Lisa S.' owed past-due benefits for attorney's fees in a total amount of $10,924.75 under 42 U.S.C. § 406(a) and (b), it is within their authority to pay Newlin $9,999.00 from the 25% pot, but they are not responsible for paying more than the remaining amount withheld in the total amount of $925.75 plus the Title XVI withheld amount of $2,714.25, for a total amount of $3,640.00. The Court discusses below the fees for each entity.

**A.    Attorney's fees for attorney Newlin**

42 U.S.C. § 406 governs the representation of claimants on matters before the Commissioner of Social Security. Section 406(a) governs fees for representation in administrative proceedings. The payment of Newlin's approved fee was proper pursuant to 42 U.S.C. § 406(a)(4), which "requires the Agency to withhold up to 25% of past-due benefits for direct payment of any fee for representation before the agency." *Culbertson*, 139 Lisa S. Ct. at 520. Section 406(a) contains specific provisions regarding fees where the Agency determination is both favorable and back benefits are awarded. Under this section, the amount of the fee is determined in one of two ways: (1) based on a written fee agreement between claimant and attorney executed before the favorable decision that the Agency approves and provides a maximum fee of the lesser of 25% of back benefits and $6,000.00, the current cap or (2) based on the Agency's approval of a fee petition filed by the attorney after the favorable decision – under this method, there is no maximum dollar amount that may be awarded, however the fee must be reasonable.

There is not a statutory 25% cap on the amount of fees awardable under § 406(a), except where there is a qualified and approved fee agreement and the 25% cap is less than $6,000.00. Thus, while a fee approved by the Agency can exceed 25% of back benefits, the agency can certify for payment of the Section 406(a) fees from back benefits only up to 25% of those back benefits. The Commissioner was within his authority to and correctly paid attorney Newlin $9,999.00 directly from the withheld past-due benefits intended for representation fees, which did not exceed 25% of such past-due benefits. ([Filing No. 34-4](#).)

**B.    Regarding Attorney's fees for de la Torre**

Section 406(b) governs legal fees for representations before the Court, which in this matter was de la Torre. Subsection 406(b)(1)(A) "both limits the fees to no more than 25% of past-due benefits and allows the agency to withhold past-due benefits to pay these fees:"

7

> Whenever a court renders a judgment favorable to a claimant… who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may… certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

*Culbertson*, 139 Lisa S. Ct. at 520.  While both Sections 406(a) and 406(b) allow the Agency to certify a fee award for payment to the attorney out of the withheld 25% past-due benefits, and while an award of fees can be made under each of these statutes, the Agency is not required to do so under both.  Additionally, pursuant to the plain language of the statute, the fee is to be payable out of, and not in addition to, the past-due benefits.

On January 8, 2019, the United States Supreme Court determined that "because §406(b) by its terms imposes a 25% cap on fees only for representation before a court, and §406(a) has separate caps on fees for representation before the agency, we hold that the statute does not impose a 25% cap on aggregate fees." *Culbertson v. Berryhill*, 139 Lisa S. Ct. 517 (2019).  Thus, it would seem to be consistent for the Court to grant de la Torre's request for the entire 25%, because the request for § 406(b) fees is independent of the § 406(a) fees paid to Newlin by the Agency in the amount of $9,999.00 for del la Torre's representation of Lisa S.  The Court properly granted de la Torre's request to be awarded that amount, holding she was entitled to an attorney fee of $10,924.75; however, the Agency is not responsible to pay for more than they have already withheld in representation fees from Lisa S.' past-due benefits.

The Supreme Court has routinely deferred to the Commissioner's reasonable interpretations of the EAJA where a judicial function was not involved. *See, e.g.*, *Barnhart v. Walton*, 535 U.S. 212, 220 (2002) (explaining, in a social security case, that the Court will "normally accord particular deference to an agency interpretation of 'longstanding' duration"). And certification of

8

benefits is not a judicial function. *See* 42 U.S.C. §§ 405(i) & 406(b)(1). The Agency has longstanding practices and procedures to withhold only a "single-pool of 25% of past-due benefits for direct payment of agency and court" approved attorney's fees, as the Commissioner did in this case. *See Culbertson*, 139 Lisa S. Ct. at 523.

In its discussion in *Culbertson*, the Supreme Court emphasized the distinction between § 406(a)(4)'s use of mandatory language and § 406(b)(1)'s use of permissive language. The court explained that "[s]ubsection (a)(4) *requires* the agency to withhold up to 25% of past-due benefits for direct payment of any fee for representation before the agency," while "[s]ubsection (b)(1)(A) . . . *allows* the agency to withhold past-due benefits to pay [court] fees." *Culbertson*, 139 Lisa S.Ct. at 520 (emphasis added). Specifically from the plain language, § (a)(4) states the agency "shall" certify for direct payment, while § (b)(1)(A) provides that the agency "may" certify past-due benefits for direct payment. *Id.* at 523.

It is true that the court noted "the statutory text in fact provides for two pools of money for direct payment of fees." *Id.* However, the court recognized the Agency "exercised its discretion" to withhold just one pool with a "total of 25% of past-due benefits for direct payment of the approved agency and court fees." Thus, although *Culbertson* holds that there is no aggregate 25% cap on both § 406(a) and § 406(b) and in theory the combined fees could exceed 25% of past-due benefits, it only authorizes the Agency to withhold two separate pools of 25% past-due benefits, it does not mandate that the Agency do so.

In fact, the Supreme Court acknowledges that current policy is for the agency to withhold a single pool of 25% past-due benefits for direct payment of agency and court fees. *Culbertson*, 139 Lisa S.Ct. at 523. *See* Social Security Administration, Program Operations Manual System (POMS), GN 03920.035(A), online at https://policy.ssa.gov/poms.nsf/lnx/0203920035 (as last

9

visited May 20, 2020) (stating "If a Federal court awards a fee in addition to the fee, if any, [the Agency] authorizes for proceedings at the administrative level, [the Agency] withholds a maximum of 25 percent of past-due benefits for payment of fees, whether authorized by [the Agency], a court, or both."). As the Report and Recommendation succinctly points out, "this Court does not make policy. It enforces policy judgments made by Congress and sometimes… by administrative bodies, as expressed by statute or Agency rules, regulations, and policies." (Filing No. 58 at 12.)

Although withholding a single pool of 25% of past-due benefits for direct payment of both agency and court approved attorney's fees may be insufficient, as it was in this case, "insufficiency does not equate to the Agency's liability for the Shortfall or its responsibility to collect the Shortfall for the attorney out of future benefit payments". (Filing No. 58 at 11.) The Supreme Court in *Culbertson* concluded: "Any concerns about a shortage of withheld benefits for direct payment and the consequences of such a shortage are best addressed to the agency, Congress, or the attorney's good judgment." *Culbertson,* 139 Lisa S.Ct. at 523.

Looking to the other circuits on this matter, the Tenth Circuit has held a commissioner does not need to withhold 50% of a claimant's past-due benefits, finding "if the amount withheld by the Commissioner is insufficient… the attorney must look to the claimant, not the past due benefits, to recover the difference." *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008).

The Sixth Circuit has also faced an issue very similar to the matter before this Court. *See Booth v. Comm'r of Soc. Sec.*, 645 F. App'x. 455, 459 (6th Cir. 2016). In *Booth*, Booth's attorney Cybriwsky sought attorney's fees, which was granted by the district court. *Id.* at 456. The district court found that under § 406(b) the fee would have to be paid out of Booth's past-due benefits, which the Commissioner had already disbursed, therefore Cybriwsky would have to collect the

10

award directly from Booth. *Id.* at 458. After Cybriwsky was unsuccessful in recovering the fee from Booth, he moved to require the Commissioner to pay him directly. *Id.*

Cybriwsky asserted that the Commissioner "prematurely released Booth's past-due benefits award and should have withheld a greater portion for payment of his attorney's fees." *Id.* Cybriwsky argued "the statute required the Commissioner to withhold enough funds to cover any possible fee awarded for the court representation as well" as for representation before the agency. *Id.* at 459. The Court found this argument must fail, explaining the language in § 406(a) and §406(b) differentiates whether the Commissioner "may" or "shall" withhold funds, just as the Supreme Court repeatedly referenced in *Culbertson*. *Id.* The court concluded in recognizing the Overpayment Procedure that de la Torre references, but holds that "this procedure applies only to the [amount] in withheld funds released to Booth, and Cybriwsky would have to recover any other funds owed directly from his client." *Id.* The Sixth Circuit denied the motion requiring payment by the Commissioner. *Id.*

de la Torre nonetheless maintains that the Agency is responsible for the shortfall and therefore must initiate the Overpayment Process of 42 U.S.C. § 404 to "correct the overpayment the Agency caused to the claimant from the Agency's unilateral action and mishandling of claimant's past-due benefits." (Filing No. 59 at 4.). Section 404 contemplates overpayment in the context that the government has paid more to a claimant than is owed to them in past-due Social Security benefits. *See* 42 U.S.C. § 404. That is not the case here. Lisa S. was entitled to all of the back pay she had been granted from March 2011 and received from the Agency. As the Report and Recommendation stated, Section 404 is specifically for a recoupment caused by overpayment between the government and the recipient of the Social Security benefits, not for the payment of debts owed to third parties, including their lawyers. (Filing No. 58 at 11.) Thus it is not applicable

11

to initiate the Agency's Overpayment Process and the Court **denies** de la Torre's request to order the Agency to pay the shortfall from either Lisa S.' future benefits using this process or from the Agency's own funds.

C.  **The Equal Access to Justice Act Award**

de la Torre also argues that the shortfall stems from "the Commissioner's failure to honor the Equal Access to Justice Act … assignment from Ms. Lisa S. to counsel, … wherein Ms. Lisa S. ordered that any EAJA award be paid to her attorney directly." (Filing No. 47 at 5.) She contends, "it is undisputed that Ms. Lisa S. received more than the correct amount of payment due to three separate errors by the Agency: … ignoring the EAJA Assignment executed by Ms. Lisa S.…" (Filing No. 47 at 12).

This is not undisputed. The Court granted the EAJA award on July 1, 2016 in the amount of $8,490.00 (Filing No. 32), and the parties stipulated that the award be made payable to Silver's attorney, de la Torre (Filing No. 31 at 1). However, there was a caveat to this stipulation; counsel for the Commissioner was to verify Lisa S. owed no pre-existing debt subject to offset before directing that award to de la Torre (Filing No. 31 at 1). The Supreme Court held in *Astrue v. Ratliff* that an EAJA award is payable to the litigant, not his or her attorney, and "is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States." 560 U.S. 585, 589 (2010). Lisa S. had a pre-existing debt to the Department of Education. Because of this, the government offset the entire $8,490.00 award to pay that debt. (Filing No. 34-6.) Thus, the Commissioner did not ignore Lisa S.' EAJA assignment, but lawfully applied the award to an outstanding debt and therefore Lisa S. was not overpaid with the EAJA award.

IV.  **CONCLUSION**

The Court finds no error of law or fact in the Report and Recommendation and therefore **OVERRULES** Lisa S.' Objection (Filing No. 59). For the reasons set forth above, the Court **GRANTS** Lisa S.' Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Filing No. 34), and **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 58) in full, including the finding that the Agency is not responsible to pay the remaining amount of de la Torre's attorney's fees in the amount of $7,284.75 from Lisa S.' disability payments through an overpayment/recoupment procedure or otherwise.

**SO ORDERED.**

Date: 6/2/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Adriana Maria de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@dltlawoffice.com

Daniel R. Janes
SOCIAL SECURITY ADMINISTRATION
daniel.janes@ssa.gov

Michael Jason Scoggins
SOCIAL SECURITY ADMINISTRATION
jason.scggins@ssa.gov

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov